IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 17, 2001

## HUGH PETER BONDURANT AND KENNETH PATTERSON BONDURANT v. RICKY J. BELL, WARDEN, ET AL.

**Appeal from the Criminal Court for Davidson County**
**Nos. 3088, 3085     Cheryl Blackburn, Judge**

_____

**No. M2001-00143-CCA-R3-CO - Filed February 7,  2002**

The petitioners, Hugh Peter Bondurant and Kenneth Patterson Bondurant, appeal the summary dismissals of their petitions for habeas corpus relief.  In this appeal of right, each alleges that his sentence was illegally imposed.  Because the judgments are facially valid, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3; Judgments of the Trial Court Affirmed**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Hugh Peter Bondurant, Clifton, Tennessee, pro se.

Kenneth Patterson Bondurant, Nashville, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter; John H. Bledsoe, Assistant Attorney General; and Roger Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

In 1991, Hugh Peter Bondurant and Kenneth Patterson Bondurant, who are brothers, were convicted of second degree murder in Giles County for the 1986 death of Gwen Swanner Dugger. Twenty-five-year sentences were imposed.  This court affirmed on direct appeal.  See State v. Kenneth Patterson Bondurant and Hugh Peter Bondurant, No. 01C01-9501-CC-00023 (Tenn. Crim. App., at Nashville, May 24, 1996).  There were no sentencing issues presented in the direct appeal. See id.

On November 20, 2000, the petitioners, who were incarcerated in Nashville,[1] filed petitions for writs of habeas corpus in the Davidson County Criminal Court. The petitioners alleged that the court of conviction committed a variety of sentencing errors, including consideration of an erroneous sentencing range, and failed "to calculate the petitioner[s'] sentence[s] pursuant to the 1982 Sentencing Law in its entirety." The trial court summarily dismissed the habeas corpus claims, concluding that the petitioners had failed to assert that their sentences had expired or that the judgments were void. The trial court also determined that the petitioners had failed to submit any documentation supporting their claims.

A "person imprisoned or restrained of [his] liberty, under any pretense whatsoever, . . . may prosecute a writ of habeas corpus, to inquire into the cause of such imprisonment . . . ." Tenn. Code Ann. § 29-21-101. A writ of habeas corpus, however, is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Archer, 851 S.W.2d at 165. A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

In this appeal, the petitioners maintain that they submitted sufficient supportive documentation to establish that their judgments are void. Petitioner Kenneth Patterson Bondurant, however, failed to attach his judgment form to his petition, a requirement under Tennessee Code Annotated § 29-21-107(b)(2). A trial court may dismiss a petition for failure to comply with the statute. State ex rel. Wood v. Johnson, 216 Tenn. 531, 393 S.W.2d 135, 136 (Tenn. 1965). Because it is the duty of the appellant to supply an adequate record for a determination on the merits and because the record in his case is not adequate for review, Kenneth Patterson Bondurant may be denied relief. See State v. Coolidge, 915 S.W.2d 820, 826 (Tenn. Crim. App. 1995), overruled on other grounds by State v. Troutman, 979 S.W.2d 271 (Tenn. 1998). While sound policy reasons underlie the statutory requirement that an allegedly void judgment form be attached to a petition for writ of habeas corpus when it is filed in the trial court, this court may take judicial notice of its records on file. See Tenn. R. App. P. 13(c); Givens v. State, 702 S.W.2d 578, 579 (Tenn. Crim. App. 1985). Because Kenneth Patterson Bondurant's judgment form is contained in the record of the petitioners' direct appeal, this court will address the merits.

The petitioners first assert that their judgments are void because the convicting court sentenced them pursuant to Tennessee Code Annotated § 39-13-210. The judgment forms reflect that the petitioners were indicted for first degree murder. A jury returned verdicts on the lesser included offense of second degree murder. Although second degree murder was codified at

---

[1] Since the trial court's dismissal of his petition, Petitioner Hugh Peter Bondurant has been transferred to Clifton, which is located in Wayne County, Tennessee.

Tennessee Code Annotated § 39-2-211 (repealed 1989) in 1986, the judgment forms specify Tennessee Code Annotated § 39-13-210, the current second degree murder statute, as the conviction offense. The jury charge on second degree murder, contained in the petitioners' record on direct appeal, however, demonstrates that the convicting court correctly instructed the jury on the elements of second degree murder as they existed at the time of the offense. See State v. Estes, 655 S.W.2d 179, 183 (Tenn. Crim. App. 1983) (stating that second degree murder occurs where the defendant, "upon a sudden impulse of passion without adequate provocation and disconnected with any previously formed design to kill, kill[s] another willfully and maliciously"). In our view, the judgment forms reflect mere clerical errors that would not render them void. See Tenn. R. Crim. P. 36 ("Clerical mistakes in judgments . . . may be corrected by the court at any time . . . .").

Further, the petitioners' sentences are facially valid. Tennessee Code Annotated § 40-35-117 provides that persons sentenced after November 1, 1989, for crimes committed between July 1, 1982, and November 1, 1989, must be sentenced under the 1989 Act, "[u]nless prohibited by the United States or Tennessee Constitution." Tenn. Code Ann. § 40-35-117(a) – (b); see also Tenn. Code Ann. § 39-11-112 ("Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act."). In State v. Pearson, our supreme court set forth guidelines for making certain the sentence imposed is constitutional:

> [I]n order to comply with the ex post facto prohibitions of the U.S. and Tennessee Constitutions, trial court judges imposing sentences after the effective date of the 1989 statute, for crimes committed prior thereto, must calculate the appropriate sentence under both the 1982 statute and the 1989 statute, in their entirety, and then impose the lesser sentence of the two.

858 S.W.2d 879, 884 (Tenn. 1993).

Under the 1982 Sentencing Act, second degree murder was a Class X felony punishable by 10 years to life. Tenn. Code Ann. §§ 39-2-211(b), 39-2-212 (1982). For standard Range I offenders, the applicable sentencing range was 10 to 35 years. Tenn. Code Ann. § 40-35-109 (a), (d) (1982); see also State v. John Wayne Slate, No. 03C01-9804-CC-00147, slip op. at 10 (Tenn. Crim. App., at Knoxville, Feb. 19, 1999). Under the 1989 Sentencing Act, second degree murder is a Class A felony punishable by 15 to 60 years. Tenn. Code Ann. §§ 39-13-210(b), 40-35-111(1). A Range I sentence is 15 to 25 years. Tenn. Code Ann. § 40-35-112(1). Here, the petitioners' judgment forms reflect standard Range I sentences under the 1989 Act, which provided the least possible maximum sentence. The sentences of 25 years were within the statutory range.

The petitioners next assert that their sentences are void because the convicting court considered a sentencing range of 10 to 25 years. The record, however, does not support the claim. A transcript of the sentencing hearing indicates that the convicting court "fix[ed] the maximum" penalty of 25 years. The only reference to a 10-year minimum, as opposed to the correct 15-year minimum, was made by counsel for Petitioner Hugh Peter Bondurant. Because the 25-year sentences

were within the statutory limits fixed for the offense of murder in the second degree, this issue does not afford the petitioners habeas corpus relief.

The petitioners also assert that their 25-year sentences under the 1989 Sentencing Act amounted to ex post facto violations. See U.S. Const. art. I, 10. This court has previously rejected such claims in habeas corpus cases because there is no facial invalidity. See Rodney Buford v. State, No. M1999-00487-CCA-R3-PC (Tenn. Crim. App., at Nashville, July 28, 2000). Moreover, in Pearson, our high court established that the 1989 Sentencing Act may be applied to crimes committed before its effective date without ex post facto violation so long as it provides for a lesser penalty than would the 1982 Act. See 858 S.W.2d at 884. Here, the 1989 Act provided for a lesser maximum penalty.

Finally, the petitioners argue that their sentences are void because the jurisdiction of the convicting court was limited to the 1989 Act and the convicting court failed to sentence them pursuant to the 1982 Act. This court fails to grasp the logic of this argument and cannot imagine how such a claim relates to the facial validity of the judgments or the expiration of the sentences.

Accordingly, the judgments of the trial court are affirmed.

_____
GARY R. WADE, PRESIDING JUDGE

-4-