STATE ex rel. CHARLES DOUGLAS WOOD, Plaintiff in Error,

*v.*

WILBURN C. JOHNSON, Warden, Tennessee State Penitentiary, Defendant in Error.

393 S.W.2d 135.

(*Nashville,* December Term, 1964.)

Opinion filed July 30, 1965.

CHARLES DOUGLAS WOOD, pro se.

GEORGE F. McCANLESS, Attorney General, WILLIAM H. LASSITER, JR., Assistant Attorney General, for defendant in error.

MR. JUSTICE HOLMES delivered the opinion of the Court.

The plaintiff in error, who is presently confined in the Tennessee State Penitentiary at Nashville, filed a petition for writ of *habeas corpus* against the Warden of the Prison in the Criminal Court of Davidson County. The Trial Judge refused to issue the writ pursuant to the provisions of T.C.A. sec. 23-1809, holding that the petition filed presented no justiciable issue and constituted a collateral attack upon a valid judgment. An appeal from this order has been duly perfected and assignments of error have been filed.

The petition for writ of *habeas corpus* alleges that the petitioner, Charles Douglas Wood, "was convicted in the Criminal Court of Knox County, Knoxville, Tennessee, June term, 1961, and sentenced to 20 years in the State penitentiary for the crime of kidnap for the purpose of armed robbery."

The petition alleges that the judgment of the Criminal Court of Knox County is null and void because the petitioner was coerced into pleading guilty, but the petition does not have annexed to it a copy of the judgment of the Criminal Court of Knox County and no reason is given in the petition for its absence as is required by T.C.A. sec. 23-1807(2). It is further alleged that the petitioner was arrested in a tavern without a warrant and was illegally searched, that while petitioner was held incommunicado in jail the petitioner's rented room was searched without petitioner's permission and without a search warrant. This petition further states:

"Petitioner was not given a preliminary hearing and his court appointed lawyer was ineffective in protecting his rights."

T.C.A. sec. 23-1807(2) provides that if the petitioner in a petition for writ of *habeas corpus* is restrained

of his liberty "by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." In *State ex rel. Kuntz v. Bomar,* 214 Tenn. 500, 381 S.W.2d 290, this provision of the statute was held to be mandatory and the failure to comply with same may be grounds for dismissing the petition. For this reason alone, it would be necessary for us to affirm the action of the Trial Judge.

From the averments of the petition for writ of *habeas corpus,* apparently the present petitioner on his plea of guilty was convicted of kidnapping or carrying away any individual to commit robbery in violation of T.C.A. sec. 39-2603, as amended by Chapter 71, Public Acts 1955. The maximum penalty provided for the violation of this statute is death by electrocution. The minimum penalty is that which was imposed upon the present petitioner in this case. The petition for writ of *habeas corpus* does not aver that the petitioner at any time advised the Trial Judge in the criminal case that he wished to withdraw or change his plea of guilty. His present averment that he was coerced into pleading guilty constitutes a collateral attack upon a valid judgment of a court of general jurisdiction, which may not be done by petition for writ of *habeas corpus. State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887.

The averment that petitioner was arrested and searched without a warrant does not constitute grounds for the issuance of the writ of *habeas corpus.* In *Satterfield v. State,* 196 Tenn. 573, 269 S.W.2d 607, this Court pointed out that there is no constitutional immunity from an unlawful arrest. The petition for writ of *habeas corpus* does not allege that any evidence obtained from any search of the present petitioner's person or premises was

introduced in evidence upon his trial so that, even if evidence was illegally obtained, the present petitioner's trial was in no way tainted by the use of that evidence.

■ It is next contended the petitioner was not given a preliminary hearing. By the terms of T.C.A. sec. 40-402 it is provided that, if the grand jury of the county where the offense is charged to have been committed is in session, the magistrate shall not try the case but shall take bond of the defendant, if the offense charged is bailable, for the defendant's appearance before the court in charge of, or empaneling, the grand jury. It is not averred that the Knox County Grand Jury was not at the time in session. See *Dillard v. Bomar,* 6 Cir., 342 F.2d 789. This averment of the petition does not allege a violation of a constitutional right. *United States ex rel. Kassin v. Mulligan,* 295 U.S. 396, 400, 55 S.Ct. 781, 79 L.Ed. 1501, *Dillard v. Bomar,* supra.

■ The charge that his court-appointed attorney was ineffective in protecting the present petitioner's rights is not supported by the averment of any facts whatsoever. This petition does not allege that at any time the present petitioner advised his court-appointed counsel that he was in any way coerced in pleading guilty to the charge. Counsel was successful in obtaining for the present petitioner on his plea of guilty the minimum sentence provided for the crime to which he pleaded guilty. In *State ex rel. Hall v. Meadows,* 215 Tenn. 668, 389 S.W.2d 256, in which a similar charge was made in a petition for writ of *habeas corpus,* this Court stated:

"The petitioner also contends that he was not adequately represented by counsel and that he was not given an opportunity to prepare for his defense. He was represented by counsel appointed by the court. It

must be remembered that Hall did not go to trial but chose instead to enter a plea of guilty. We find that these charges made in the original petition for the writ of habeas corpus are without merit." 215 Tenn. at 676, 389 S.W.2d at 260.

■ By his assignments of error the present petitioner further contends that the Trial Court in the present case denied petitioner due process of law by failing to appoint counsel to represent him in the *habeas corpus* proceedings. In *State ex rel. Hall v. Meadows,* supra, the Court stated:

"It has been repeatedly held that a habeas corpus proceeding is a civil proceeding and constitutional right to counsel guaranteed by the State and Federal Constitutions has no application." 215 Tenn. at 676, 389 S.W.2d at 260.

Numerous cases are cited in Hall in support of this statement.

For the reasons stated, the Trial Judge did not commit error in refusing to issue the writ of *habeas corpus* and in dismissing the petition. The judgment of the Trial Court is affirmed.

NOTE: This opinion was prepared by MR. JUSTICE ANDREW O. HOLMES and approved by all members of the Court prior to his death on July 24, 1965, and was released by the Court on July 30, 1965.