# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

## JULY 1997 SESSION

FILED

July 18, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLES R. SMITH,        )
           )    **NO. 02C01-9607-CC-00241**
    Appellant,       )
           )    **LAUDERDALE COUNTY**
VS.           )
           )    **Hon. Joseph H. Walker, Judge**
JIMMY HARRISON, WARDEN,  )
           )    (Petition for Writ of Habeas Corpus)
    Appellee.       )

**FOR THE APPELLANT:**

**CHARLES R. SMITH,** *pro se*
Cold Creek Correctional Facility
P.O. Box 1000
Henning, TN 38041-1000

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**DEBORAH A. TULLIS**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

**ELIZABETH T. RICE**
District Attorney General
302 Market Street
Somerville, TN 38068

**OPINION FILED: _____**

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

The petitioner, Charles R. Smith, appeals the order of the Circuit Court of Lauderdale County dismissing his petition for writ of habeas corpus. He is presently serving consecutive sentences of twelve (12) years for the offense of rape and one (1) year for the offense of sexual battery. The trial court dismissed his petition without a hearing. We affirm the judgment of the trial court.

I

Petitioner alleges that he is being illegally confined because: (1) the judge sitting at petitioner's trial formerly represented petitioner on criminal charges, thus making the judge biased against petitioner; (2) he received ineffective assistance of counsel at trial; and (3) he was tried on a different indictment than that returned by the grand jury.

Initially, the petition does not have annexed to it a copy of the judgments of conviction and no reason is given in the petition for their absence. Tenn. Code Ann. § 29-21-107(b)(2) provides that if the petitioner in a petition for writ of habeas corpus is restrained of his liberty "by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." This provision of the statute is "mandatory and the failure to comply with same may be grounds for dismissing the petition." State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965); *see* State ex rel. Kuntz v. Bomar, 381 S.W.2d 290 (Tenn. 1964). Accordingly, the trial court did not err in dismissing the petition.[1]

Moreover, petitioner's allegations that the trial judge was biased and his trial counsel was ineffective do not render the judgment void, but merely raise the

---

[1] Petitioner's allegation that he was tried on a different indictment is unsupported by any documentation. We do not understand the nature of this naked allegation.

2

possibility of a *voidable* judgment. A petitioner is only entitled to habeas corpus relief when "'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, . . ." or that the sentence has expired. <u>Archer v. State</u>, 851 S.W.2d 157, 164 (Tenn. 1993). There is nothing on the face of the record or the pleadings to indicate that the trial court lacked jurisdiction or authority to sentence the petitioner. Nor is there any indication that petitioner's sentence has expired.

The petitioner cannot establish that the judgments convicting him are void or that his sentence terms have expired. Therefore, we find that the petition for a writ of habeas corpus was properly dismissed.

II

Furthermore, the trial court found that it had no jurisdiction to hear a claim for post-conviction relief. Tenn. Code Ann. § 40-30-205(c) allows a trial court to treat a petition for habeas corpus as one for post-conviction relief. However, Tenn. Code Ann. § 40-30-204(a) provides that a petition for post-conviction relief shall be filed in the county of the petitioner's conviction. Smith was convicted in Fayette County but filed this petition for relief in Lauderdale County. The trial court acted appropriately in not treating the habeas corpus petition as one for post-conviction relief.[2]

III

---

[2] Additionally, it appears that a petition for post-conviction relief would be barred under the statute of limitations. According to his petition, Smith was convicted on December 30, 1991. An agreement dismissing his appeal was filed on October 5, 1992. His petition for a writ of habeas corpus was filed on June 13, 1996.

3

We conclude that the petitioner's claims do not show that his judgments are void or that his sentences have expired, making habeas corpus relief inappropriate. Furthermore, the trial court properly refused to treat the petition as one for post-conviction relief. The judgment of the trial court is affirmed.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOE B. JONES, PRESIDING JUDGE**

_____
**DAVID H. WELLES, JUDGE**

4