# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## NOVEMBER 1998 SESSION

**FILED**

November 19, 1998

**Cecil W. Crowson**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **GENE H. CRANK,** | ) | |
| | ) | NO. 01C01-9708-CR-00318 |
| Appellant, | ) | |
| | ) | **DAVIDSON COUNTY** |
| **VS.** | ) | |
| | ) | **HON. J. RANDALL WYATT, JR.,** |
| **STATE OF TENNESSEE** | ) | **JUDGE** |
| | ) | |
| Appellee. | ) | (Habeas Corpus) |

**FOR THE APPELLANT:**

**GENE H. CRANK,** *Pro Se*
#108161
South Central Correctional Center
Apollo AA-225
P.O. Box 279
Clifton, TN  38425-0279

**FOR THE APPELLEE:**

**JOHN KNOX WALKUP**
Attorney General and Reporter

**KAREN M. YACUZZO**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

**VICTOR S. JOHNSON III**
District Attorney General
222 - 2nd Avenue North
Washington Square, Suite 500
Nashville, TN  37201-1649

OPINION FILED: _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner appeals the summary dismissal of his petition for writ of *habeas corpus*. The petitioner claims his indictment for aggravated rape and first degree burglary was void for failing to set forth the requisite *mens rea*. However, the record does not contain the indictment at issue, thereby precluding the Court from conducting an adequate review. Nevertheless, assuming that the indictment reads as claimed by petitioner, we find no merit to his claim and **AFFIRM** the trial court's dismissal of the *habeas corpus* petition.

**PROCEDURAL HISTORY**

Petitioner filed for a writ of *habeas corpus* with the trial court. He challenged the validity of his 1984 indictment for aggravated rape and first degree burglary. Petitioner claimed that the indictment failed to allege the proper *mens rea*, making it facially invalid and divesting the trial court of jurisdiction as per State v. Hill, 954 S.W.2d 725 (Tenn. 1997). The trial court dismissed the petition.

**I.**

Without a valid indictment, there can be no jurisdiction and no prosecution. Dykes v. Compton, __ S.W.2d __, __ (Tenn. 1998). "[T]he validity of an indictment and the efficacy of the resulting conviction may be addressed through a petition for writ of *habeas corpus* when the indictment is so defective as to deprive the court of jurisdiction." Id. at __. Thus, this case is properly before our Court in the posture of a *habeas corpus* proceeding.

**II.**

2

It is the appellant's duty to prepare a record which conveys a fair and accurate account of what transpired with respect to the issues which form the basis of the appeal in order to allow for a meaningful appellate review. Tenn. R. App. P. 24; State v. Oody, 823 S.W.2d 554, 559 (Tenn. Crim. App. 1991). This appeal is based solely upon sufficiency of the indictment, yet petitioner failed to include a copy of the indictment in the record. Tenn. Code Ann. § 29-21-107(b)(2) provides that if petitioner in a petition for writ of *habeas corpus* is restrained of his liberty "by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." This provision of the statute is "mandatory and the failure to comply with same may be grounds for dismissing the petition." State ex rel. Wood v. Johnson, 216 Tenn. 531, 393 S.W.2d 135, 136 (1965); *see also* State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 381 S.W.2d 290, 291 (1964). Thus, petitioner has not met the duty which entitles him to a complete appellate review.

However, the record is not completely devoid of material upon which an appellate review can be conducted. Petitioner did allege the indictment's wording in his original petition for writ of *habeas corpus*. Thus, we elect to address petitioner's appeal on the merits in spite of the less than complete appellate record.

## III.

Petitioner complains that the indictment under which he was convicted is void for failing to allege the proper *mens rea* for each offense. We disagree.

Our Supreme Court's decision in Hill established the requirements for a valid indictment when the legislature does not expressly require nor plainly dispense with the requirement for a culpable mental state, and the indictment fails to allege a mental state. Those requirements are:

> (1) the language of the indictment [must be] sufficient to meet the constitutional requirements of notice to the accused of the charge against which the accused must defend, adequate basis for entry of a proper judgment, and protection from double jeopardy;

> (2) the form of the indictment [must meet] the requirements of Tenn. Code Ann. § 40-13-202; and

3

(3) the mental state [must be able to] be logically inferred from the conduct alleged.

954 S.W.2d at 726-27.

Although Hill concerned a post-1989 indictment and the case under review is a pre-1989 indictment, the Supreme Court in Dykes found the Hill analysis "as relevant to crimes committed under the 1979 Act as it is to those committed under the 1989 Act." Dykes, __ S.W.2d at __. Therefore, Hill is relevant to petitioner's 1984 indictment.

## A. Aggravated Rape

The aggravated rape statute at the time of petitioner's offense read:

"Aggravated rape is unlawful sexual penetration of another accompanied by any of the following circumstances . . . Force or coercion is used to accomplish the act and the defendant is armed with a weapon or any article used or fashioned in a manner to lead the victim reasonably to believe it to be a weapon." Tenn. Code Ann. § 39-2-603(a)(1) (1982).

The aggravated rape indictment allegedly read:

". . .Gene H. Crank, heretofore, to wit, on the 9th day of July, 1984 and prior to the return of this indictment, with force and arms, in the County aforesaid, unlawfully, and unlawfully [sic] have sexual penetration of Marsha D. Warren while said defendant was armed with a knife or an 'article' used in a manner while he lead [sic] Marsha D. Warren to believe is [sic] was a weapon. The said unlawful sexual penetration was in violation of Tennessee Code Annotated, Section 39-2-603, and against the peace and dignity of the State of Tennessee."

Applying the Hill analysis to this charge, it is obvious that petitioner's claim fails. The language of the indictment clearly advises petitioner of the crime for which he is charged; provides a basis for a proper judgment; and protects petitioner from double jeopardy. The indictment comports with the requirements of Tenn. Code Ann. § 40-13-202. Furthermore, there is sufficient conduct alleged from which petitioner's mental state may be logically inferred. This issue has no merit.

## B. First Degree Burglary

The first degree burglary statute at the time of petitioner's offense read:

"Burglary is the breaking and entering into a dwelling house, or any other house, building, room or rooms therein used and occupied by any person or persons as a dwelling place or lodging either permanently or temporarily and whether as owner, renter, tenant,

4

lessee or paying guest, by night, with intent to commit a felony."
Tenn. Code Ann. § 39-3-401(a) (1982).

Petitioner's burglary indictment allegedly read:

> ". . . Gene H. Crank, heretofore, to wit, on the 9th day of July,
> 1984, and prior to the return of this indictment, in the County and
> State aforesaid, unlawfully, feloniously, forcibly and violently, did
> break and enter, in the 'night' time, the dwelling home of another, to
> wit: one Marsha D. Warren . . . to commit a felony, to wit: Larceny, did
> then and there and therein unlawfully and feloniously take, steal and
> carry away certain goods and chattel, to wit: six dollars in good and
> lawful currency of the United States of America."

Again, the Hill analysis leads us to the conclusion that petitioner's claim fails.

The wording of the indictment gives petitioner notice of the charge against him,

provides the basis for a proper judgment, and protects him from double jeopardy.

Again, the indictment comports with Tenn. Code Ann. § 40-13-202.  Further, the

indictment alleges more than sufficient conduct from which petitioner's culpable

state of mind may be inferred.  This issue has no merit.


**CONCLUSION**


Based upon the foregoing, we **AFFIRM** the trial court's dismissal of

petitioner's writ of *habeas corpus*.


_____
**JOE G. RILEY, JUDGE**

5

**CONCUR:**

_____
**DAVID G. HAYES, JUDGE**


_____
**L. T. LAFFERTY, SENIOR JUDGE**