**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT NASHVILLE**

**FILED**

July 26, 1999

Cecil W. Crowson
Appellate Court Clerk

JAMES SHIELDS,                )
                             )  C.C.A. NO. 01C01-9809-CR-00383
    Appellant,        )
                             )  DAVIDSON COUNTY
VS.                          )  (No. 98-C-2220 Below)
                             )
STATE OF TENNESSEE,          )  The Hon. J. Randall Wyatt, Jr.
                             )
    Appellee.         )  (Dismissal of Habeas Corpus Petition)
                             )  AFFIRMED PURSUANT TO RULE 20

**O R D E R**

This matter is before the Court upon the state's motion to affirm the judgment of the trial court pursuant to Rule 20, Rules of the Tennessee Court of Criminal Appeals. After reviewing the state's motion, the appellant's brief, and the record on appeal, the Court finds that this is an appropriate matter for affirmance under Rule 20.

The petitioner is appealing the trial court's dismissal of his petition for writ of habeas corpus. In his petition, the petitioner alleged that two prior convictions were void and improperly used to enhance his sentence in a later conviction. The trial court summarily dismissed the petition because no record of the named convictions or how they were used to enhance his subsequent conviction was attached to the petition, nor was a satisfactory reason given for its absence as mandated by T.C.A. § 29-21-107(b)(2).

T.C.A. § 29-21-107(b)(2) provides that if the petitioner in a petition for writ of habeas corpus is restrained of his liberty "by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence." This provision of the statute is "mandatory and the failure to comply with same may be grounds for dismissing the petition." State ex rel. Wood v. Johnson, 216 Tenn. 531, 534, 393 S.W.2d 135, 136 (Tenn. 1965); see State ex rel. Kuntz v. Bomar, 214 Tenn. 500, 503, 381 S.W.2d 290, 291 (Tenn. 1964). Accordingly, the trial court did not err in dismissing the petition.

In addition, in his appellate brief, the petitioner contends that he received ineffective assistance of counsel. A claim of ineffective counsel may not be litigated in a

habeas corpus proceeding. <u>Passarella v. State</u>, 891 S.W.2d 619, 628 (Tenn. Crim. App. 1994). Moreover, this Court has appellate jurisdiction only. T.C.A. § 16-5-108(a). Issues not raised in the petition cannot be raised for the first time on appeal. '

Based on the reasons discussed in this order, this Court concludes that the state's motion to affirm the judgment should be granted.

IT IS, THEREFORE, ORDERED that the state's motion to affirm the judgment pursuant to Rule 20 is granted. The judgment of the trial court is hereby affirmed. The petitioner being indigent, costs of this appeal are taxed to the state.

_____
THOMAS T. WOODALL, JUDGE

CONCUR:

_____
DAVID H. WELLES, JUDGE

_____
JERRY L. SMITH, JUDGE