**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**APRIL 1999 SESSION**

FILED

July 28, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| **BOBBY CARL FLOYD**, | * | C.C.A. NO. 03C01-9811-CC-00399 |
| APPELLANT, | * | SEVIER COUNTY |
| VS. | * | Hon. Ben W. Hooper II, Judge |
| **STATE OF TENNESSEE**, | * | (Habeas Corpus) |
| APPELLEE. | * | |

For Appellant:

Bobby Carl Floyd, pro se
FCI Manchester / 12666-074
P.O. Box 4000
Manchester, KY  40962

For Appellee:

John Knox Walkup
Attorney General and Reporter
450 James Robertson Parkway
Nashville, TN  37243-0493

Todd R. Kelley
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North, 2nd Floor
Nashville, TN  37243-0493

Charles E. Atchley, Jr.
Assistant District Attorney General
Sevier County Courthouse
Sevierville, TN  37862

OPINION FILED: _____

AFFIRMED

NORMA MCGEE OGLE, JUDGE

## OPINION

On April 17, 1997, the petitioner, Bobby Carl Floyd, filed pro se a "Petition For Writ of Habeas Corpus" in the Circuit Court of Sevier County. On July 9, 1997, the petitioner filed an amendment to his petition. On August 19, 1998, the trial court dismissed the petition, finding no cognizable ground for relief. Following a review of the record, we affirm the judgment of the trial court.

The petitioner has alleged that, on April 4, 1989, he pled guilty to felony jail escape and disposing of mortgage property over one hundred dollars. [1] The petitioner also alleged that, on December 14, 1982, he pled guilty in a case he identifies as Warrant No. 42353-48-18. [2] Additionally, the petitioner alleged that, on February 7, 1991, he pled guilty to simple possession of cocaine. [3]

In his petition and on appeal, the petitioner argues that he received ineffective assistance of counsel and that the convictions resulting from the aforementioned guilty pleas are void because he did not knowingly and voluntarily plead guilty. In its order dismissing the petition for a writ of habeas corpus, the trial court found that the petition was in fact a petition for post-conviction relief which had not been timely filed. [4]

---

[1] With respect to these cases, this court has no record of the judgment of conviction or the sentences imposed by the trial court. However, the Advisement of Rights forms, Waiver of Jury Trial forms, and Guilty Plea forms signed by the petitioner, are included in the record on appeal.

[2] With respect to this case, this court has no record of the judgment of conviction, the indictment, the offense charged in the indictment, or the sentence imposed by the trial court.

[3] Also with respect to this case, this court has no record of the judgment of conviction, the indictment, or the sentence imposed by the trial court.

[4] We note that the trial court observed that had the petition been a petition for writ of habeas corpus, it would have been dismissed for being filed in the wrong county. Contrary to the trial court's observation, when an out-of-state resident seeks habeas corpus relief from Tennessee conviction, a court of the county of original conviction has jurisdiction to rule upon the petition. Church v. State, 987 S.W.2d 855, 857 (Tenn. Crim. App. 1998). The petitioner was incarcerated in federal prison in Kentucky, thus his petition was correctly filed in Sevier County, his apparent county of original conviction.

The remedy of the writ of habeas corpus is limited to relief from void and not merely voidable judgments. Archer v. State, 851 S.W.2d 157, 163 (Tenn. 1993); Passarella v. State, 891 S.W.2d 619, 626 (Tenn. Crim. App. 1994); Donald v. State, No. 01C01-9710-CR-00481, 1998 WL 468646, at *1 (Tenn. Crim. App. at Nashville, August 12, 1998), perm. to appeal denied, (Tenn. 1999). In other words, it must appear upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court was without jurisdiction or authority to convict or sentence a defendant, or that a defendant's sentence of imprisonment has expired. Archer, 851 S.W.2d at 164; Ritchie v. State, No. 03C01-9601-CC-00029, 1998 WL 855517, at *2 (Tenn. Crim. App. at Knoxville, December 10, 1998). Additionally, if a claim would necessarily involve investigation beyond the face of the judgment or the record of the proceedings, the claim will not be cognizable in habeas corpus proceedings . See e.g., Martin v. State, No 02C01-9804-CC-00101, 1998 WL 467098, at *1 (Tenn. Crim. App. at Jackson, August 12, 1998).

Furthermore, we have previously observed that ineffective assistance of counsel is not a cognizable basis for habeas corpus relief. McCaslin v. State, No. 01C01-9611-CC-00480, 1998 WL 44919, at *1 (Tenn. Crim. App. at Nashville), perm. to appeal denied, (Tenn. 1998); State v. Harris, No. 01C01-9309-CR-00304, 1994 WL 630504, at *1 (Tenn. Crim. App. at Nashville, November 10, 1994). See also Wooden v. State, No. 03C01-9303-CR-0069, 1993 WL 313643, at *2 (Tenn. Crim. App. at Knoxville, August 13, 1993)( the petitioner's complaint that the guilty plea judgment was constitutionally deficient because of ineffective assistance of counsel, even if true, would make the judgment merely voidable and not void). Likewise, challenges to the voluntary or knowing nature of a guilty plea can be made

3

only by a petition for post-conviction relief. <u>Archer</u>, 851 S.W.2d at 164. Based upon the foregoing, we agree with the trial court that the petitioner has failed to allege any ground for relief cognizable in habeas corpus proceedings.

Additionally, the procedural provisions pertaining to habeas corpus relief are mandatory and must be scrupulously followed. <u>Archer</u>, 851 S.W.2d at 165 (Tenn. 1993). We note that the petitioner did not attach the judgments of conviction in his case to his petition for habeas corpus relief, as required by Tenn. Code Ann. § 29-21-107(b)(2) (1997). A trial court may dismiss a petition for failure to comply with this requirement. <u>State ex rel. Wood v. Johnson</u>, 393 S.W.2d 135, 136 (Tenn. 1965).

Treating the petition as one for post-conviction relief, the trial court found that the petition had been filed beyond the applicable one year statute of limitations. A trial court is not bound by the title of a pleading, but has discretion to treat the pleading according to the relief sought. <u>Norton v. Everhart</u>, 895 S.W.2d 317, 319 (Tenn. 1995). When a pleading framed as a habeas corpus petition requests relief that can only be granted under post-conviction law, a court has discretion to treat a petition for habeas corpus relief as a petition for post-conviction relief. Tenn. Code Ann. § 40-30-205(c) (1997).

We agree with the trial court that the applicable statute of limitations has expired. [5] At the time of petitioner's convictions, a petition for post-conviction

_____

[5] We note that the petitioner has made no specific factual allegations regarding the case identified as Warrant No. 42353-48-18 and the guilty plea entered on February 7, 1991. The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition. Tenn. Code Ann. § 40-30-204(e) (1997). Nevertheless, as stated below, the petitioner's post-conviction claims

4

relief had to be filed within three years of the date of the final action of the highest state appellate court to which an appeal is taken. Tenn. Code Ann. § 40-30-102 (Repl. May 10, 1995). Moreover, petitions already time-barred under the former act's three year statute of limitations are not revived by the one year statute of limitations in the new act. Carter v. State, 952 S.W.2d 417, 420 (Tenn. 1997). According to the petitioner, his dates of conviction are April 6, 1989, December 14, 1982, and February 7, 1991. The instant petition was filed on April 17, 1997 and amended on July 9, 1997.

Accordingly, the judgment of the trial court is affirmed.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
Jerry L. Smith, Judge

_____
Joe G. Riley, Judge

_____

have been filed beyond the one year statute of limitations and must be dismissed.