IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

## WELISTER L. WHITE, PRO SE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. —27198      Joseph B. Dailey, Judge**

---

**No. W2003-00888-CCA-R3-PC  - Filed December 31, 2003**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. Petitioner seeks review of the lower court's dismissal of his motion in arrest of judgment. Finding that the instant petition is not proper as either a motion in arrest of judgment, petition for post-conviction relief, or application for writ of habeas corpus relief, we affirm the dismissal of the trial court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and JOE G. RILEY, JJ., joined.

Welister L. White, pro se.

Paul G. Summers, Attorney General & Reporter; J. Ross Dyer, Assistant Attorney General, for the appellee, the State of Tennessee.

**MEMORANDUM OPINION**

From the record before this Court, it appears that Petitioner was convicted of felony murder and was sentenced to life imprisonment in January 1979. On March 11, 2003, Petitioner filed a "Motion of Petition for and/or in Arrest of Judgment," pursuant to Rule 34, Tennessee Rules of Criminal Procedure, in the Shelby County Criminal Court, alleging that the judgment entered is void as the trial court was without jurisdiction to enter judgment against Petitioner. In support of this allegation, Petitioner avers (1) that the indictment is fatally defective as it fails to charge the culpable mental state of felony murder and (2) the Petitioner's guilty plea to felony murder violates protections against double jeopardy in that he was not indicted for the underlying felony. The trial court denied the motion by order entered March 28, 2003. The trial court entered the following findings of fact and conclusions of law:

1. Per his pleadings, the Defendant [pled] guilty to Murder During the Perpetration Of A Felony in 1979 and received a sentence of life.

2. Defendant filed a Post-Conviction Petition in 1981, including the allegation of ineffective assistance of counsel.

3. Defendant does not request a hearing.

4. Defendant does not request the assistance of counsel.

5. Defendant attacks the indictment on two grounds.

6. A single conviction for Murder During the Perpetration Of A Felony does not violate Double Jeopardy.

7. The indictment is not void on its face as alleged in the Motion. See e.g. John H. Williams v. Kevin Myers, Wayne County, No. 12643, 2002 WL 31852857 (Tenn. Crim. App., Nashville, December 20, 2002); Willie Tom Ensley v. Howard Carlton, Johnson County No. 3653, 2002 WL 31375581 (Tenn. Crim. App., Knoxville, October 21, 2002), per. app. denied (Tenn. February 18, 2003).

8. As such, the Court had jurisdiction to accept the Defendant's plea of guilty to the charge of Murder During the Perpetration Of A Felony.

The State contends a motion for arrest of judgment must be filed within thirty days of the date the order of sentence is entered and, therefore, the motion filed over twenty-four years after the judgment was entered was untimely. *See* Tenn. R. Crim. P. 34. Additionally, the State argues that, the motion, if treated as a petition for post-conviction relief, is barred by the statute of limitations. *See* Tenn. Code Ann. § 40-30-202. Finally, the State asserts that, if the petition is treated as an application for the writ of habeas corpus, the petition was not filed in the proper court. *See* Tenn. Code Ann. § 29-21-105.

The State's position is well-taken. First, Rule 34, Tennessee Rules of Criminal Procedure, provides that a motion in arrest of judgment must be filed within thirty days of the date the order of sentence is entered. The present petition was filed almost twenty-five years after the sentence was entered. Similarly, the Petitioner has already sought post-conviction review, and the statute of limitations has long since expired. *See* Tenn. Code Ann. § 40-30-202.

*Habeas corpus* relief addresses detentions that result from void judgments or expired sentences. *See Archer v. State,* 851 S .W.2d 157, 164 (Tenn. 1993). The Petitioner in this case does not argue that his sentence has expired; therefore, he is a candidate for *habeas corpus* relief only if the judgment or sentence is void. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer,* 851 S.W.2d at 165. The Petitioner is currently incarcerated in Lauderdale County, Tennessee. The present petition, however, was filed in Shelby County, Tennessee. Pursuant to Tennessee Code Annotated § 29-21-105, a petition for writ of habeas corpus must be filed in the court most convenient in point of distance to the applicant, unless a sufficient reason is stated in the petition for not applying to such court. *See Muhammad v. State,* No. 01C01-9707-CC-00300 (Tenn. Crim. App. at Nashville, Dec. 18, 1997). Petitioner has failed to offer explanation as to why the petition was not filed in Lauderdale County. Additionally, the Petitioner has failed to attach to his petition the underlying judgment of conviction as required

by § 29-21-107(b)(2), Tennessee Code Annotated, an omission warranting the summary dismissal of his petition. *See, e.g., State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965). Since the Petitioner did not comply with the statutory mandates in this respect, the trial court properly dismissed the petition.

Accordingly, it is ORDERED that the State's motion is GRANTED. The judgment of the trial court is AFFIRMED in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this appeal shall be assessed to the State.

_____
ALAN E. GLENN, JUDGE