# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## ALONZO C. WILLIAMS v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 5782    Joe H. Walker, Judge**

---

**No. W2003-02702-CCA-R3-HC  - Filed December 16, 2004**

---

The Petitioner, Alonzo C. Williams, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS AND ALAN E. GLENN, JJ.  joined.

Alonzo C. Williams, pro se.

Paul G. Summers, Attorney General & Reporter; Renee W. Turner, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

In 1983, Petitioner Alonzo C. Williams was convicted of two counts of third degree burglary.  *See Alonzo C. Williams v. State*, No. 03C01-9806-CR-00203, 1999 WL 595419, at *1 (Tenn. Crim. App., at Knoxville, Aug. 10, 1999), *perm. to appeal denied*, (Tenn. Dec. 27, 1999). Because the Petitioner had several prior felony convictions, the Petitioner was found to be an

1

habitual criminal and his sentences were enhanced to life terms. *Id.* The Petitioner's convictions and life sentences were affirmed on direct appeal. *See State v. Alonzo Clinton Williams*, 1984 Tenn. Crim. App. Lexis 2663 (Tenn. Crim. App., at Knoxville, Nov, 20, 1984). Subsequently, Petitioner unsuccessfully sought post-conviction relief. *See Alonzo C. Williams v. State*, No. 03C01-9806-CR-00203, 1999 WL 595419, at *1; *Alonzo Clinton Williams*, No. 1283, 1990 WL 16875, at * 1 (Tenn. Crim. App., at Knoxville, Feb. 27, 1990); *Alonzo Williams v. State*, No. 1100, 1987 WL 7319, at * 1 (Tenn. Crim. App., at Knoxville, Mar. 4, 1987), *perm. to appeal denied*, (Tenn. May 11, 1987). Petitioner is currently confined at West Tennessee State Penitentiary in Henning, Tennessee.

On October 23, 2003, Petitioner filed a petition for writ of habeas corpus alleging that his judgments of conviction were void. Specifically, he alleged that the convictions elevating him to habitual criminal status, *i.e.*, the 1974 Knox County conviction for simple robbery, the 1981 Davidson County conviction for escape from a penitentiary, and the 1964 South Carolina conviction for housebreaking were void. On October 29, 2003, the trial court denied relief, finding that (1) the Petitioner failed to attach a copy of the judgments to the petition , (2) the Petitioner's life sentences have not expired, (3) the trial court had jurisdiction to sentence the Petitioner to life, and (4) if the petition were considered a petition for post-conviction relief, the court was without jurisdiction and previous petitions for post-conviction relief had already been denied.

Petitioner timely filed a notice of appeal document. The State filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. In its motion, the State asserts that the trial court did not err in summarily dismissing the petition. We agree. The Petitioner's petition for habeas corpus relief fails for three reasons.

First, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). The Petitioner has failed to attach either the copies of the judgments of conviction or the indictments to his petition. *See* Tenn. Code Ann. § 29-21- 107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.; see also State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965).

Next, habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer,* 851 S.W.2d 164; *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely a voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887,

888 (1963). The Petitioner's sentence has not expired. Additionally, the convicting court had jurisdiction to convict or sentence the petitioner. The Petitioner has not alleged that his convictions are void, rather he attacks the validity of the convictions used to enhance his present sentences. Petitioner has failed to include these judgments as part of the record in this appeal. In *State v. McClintock,* 732 S.W.2d 268, 271-72 (Tenn. 1987), our supreme court stated that "unless invalid on its face, a prior judgment of conviction in a court with personal and subject matter jurisdiction cannot be collaterally attacked in a subsequent proceeding in which the challenged conviction is used to enhance punishment."

Finally, the trial court properly determined that the petition could not procedurally be treated as a petition for post-conviction relief. The petition filed in 2003 is clearly barred by the statute of limitations and the petition does not seek to reopen a previous post-conviction petition. *See* Tenn. Code Ann. § 40-30-102(a), -102(b)(3).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

DAVID G. HAYES, JUDGE

3