IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON


## MICHAEL K. KENNEDY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Chester County**
**No. 00-072     Roy B. Morgan, Judge**

---

**No. W2004-00178-CCA-R3-HC  - Filed February 11, 2005**

---

The Petitioner, Michael K. Kennedy, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.   It appears from the record before us that the notice of appeal was not timely filed and this Court cannot conclude that justice requires that this Court waive the timely filing requirement.  Accordingly, the State's motion is granted and the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. McLIN, JJ., joined.

Michael K. Kennedy, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.


**MEMORANDUM OPINION**

On December 4, 2001, Petitioner Michael K. Kennedy pled *nolo contendere* to numerous burglary, theft and vandalism charges in Chester and Henderson Counties, reserving a certified question of law pursuant to the plea agreement. *See State v. Michael Kennedy*, No. W2001-03107-CCA-R3-CD, 2003 WL 402798, * 1(Tenn. Crim. App., at Jackson, Feb. 21, 2003), *perm. to appeal denied*, (Tenn. May 27, 2003).  For his convictions, the Petitioner received an effective sentence of fifteen years. *Id.*  On appeal, this Court determined that it did not have jurisdiction over three of the

1

Henderson County convictions as the issue was not dispositive. *Id.* The Court affirmed the remaining convictions. *Id.*

On October 14, 2003, the Petitioner filed a petition for habeas corpus relief in the Circuit Court for Chester County. As grounds for relief, Petitioner asserted that the judgments are void and his sentence of confinement is illegal because (1) the trial court was without the statutory authority to order restitution along with a sentence of confinement, (2) the trial court was not empowered to determine and order the payment of restitution without proof of actual loss, (3) the value element mst be charged in the indictment and must be proven beyond a reasonable doubt , and (4) the trial court had no authority to impose a fine where there was no written waiver of the right to have the jury impose the fine. Petitioner also claimed that his guilty pleas were not knowingly and voluntarily entered. On November 26, 2003, the trial court appointed counsel, in case number 03-4442, pursuant to sections 8-14-205 and 40-30-207, Tennessee Code Annotated. On December 1, 2003, the trial court dismissed a petition for post-conviction relief filed by Petitioner.  On December 5, 2003, the habeas court denied relief for the following reasons, (1) the petition was not filed in the proper venue, (2) the Petitioner's issues regarding restitution are moot since none of the judgments require the payment of restitution, (3) the Petitioner's argument that the court lacks authority to order restitution along with confinement is erroneous, (4) the Petitioner waived his right to a jury trial and agreed to the sentence imposed, therefore, he waived any right to have a jury determine the value of restitution, and (5) *Apprendi v. New Jersey* is not applicable to theft cases where the Petitioner waives his right to a jury trial and admits all the necessary elements of the offense.

A notice of appeal document was filed, in case 00-072, on January 22, 2004, in the Chester County Circuit Court. Within the document, Petitioner explained that the late-filing of the notice of appeal document was caused by his belief that appointed counsel would have filed a notice on his behalf. No motion to excuse the late-filed notice of appeal document was filed with this Court.

Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied*, (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se*, Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

Our review of the record before us reveals the following:

1. Petitioner failed to attach his judgment forms to his petition, a requirement under Tennessee Code Annotated § 29-21-107(b)(2). A trial court may dismiss a petition for failure to comply with the statute. *State ex rel. Wood v. Johnson,* 216 Tenn. 531, 393 S.W.2d 135, 136 (Tenn. 1965). This, however, is not the court's only option. The habeas court may choose to permit the petitioner the opportunity to comply with the procedural requirements, or the habeas court may choose to adjudicate the petition on its merits. *Hickman v. State*, No. E2002-01916-SC-R11-PC, 2004 WL 2563267, *3 (Tenn. Sept.2, 2004) (*for publication*). It appears that the habeas court elected to review the petition on its merits. The habeas court found that the Petitioner was not entitled to relief. As the judgments of conviction are not contained in the appellate record, this Court must presume the findings of the trial court correct. It is the appellant's duty to prepare a record which conveys a complete account of what transpired in the lower court with respect to the issues presented on appeal and failure to do so may result in waiver of that issue. *See* Tenn. R. App. P. 24(b).

2. Petitioner filed his petition in Chester County rather than in Wayne County where he was confined. The defendant seeking habeas corpus relief should apply to the court most convenient in distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. The Petitioner asserts that the convicting court possessed all of the records relevant to his sentence. Also, the issue relates to a void sentence, which the convicting court can correct at any time, not a void conviction in terms of the verdict of guilt. These circumstances have been held to provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court. *See, e.g.*, *State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, 2000WL1520012, *1 (Tenn. Crim. App., at Nashville, Oct. 13, 2000).

3. The Petitioner's fifteen-year sentence has not expired.

4. The record before this Court reveals that counsel was appointed to represent Petitioner in case number 03-4442, the post-conviction proceeding, and not case 00-072, the habeas corpus proceeding. Accordingly, Petitioner's reliance upon trial counsel to file a notice of appeal document in case 00-072 is misplaced.

We conclude that the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal. In absence of a timely filed notice of appeal, the above-captioned appeal is dismissed. Costs of this appeal are taxed to the State.

_____
ALAN E. GLENN, JUDGE

3