# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### DARVELL S. OWENS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Shelby County**
**No. P-27712   Joseph B. Dailey, Judge**

---

**No. W2004-01176-CCA-R3-HC  - Filed February 11, 2005**

---

The Petitioner, Darvell S. Owens, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to satisfy the procedural requirements of the habeas corpus statutes, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN AND J.C. MCLIN, JJ.  joined.

Darvell S. Owens, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

On February 1, 1993, the Petitioner Darvell Owens entered a guilty plea to one count of second degree murder, one count of aggravated robbery, two counts of attempt to commit felony

murder,[1] and one count of felony murder. The trial court imposed an effective life sentence for these offenses.

In September 2003, the Petitioner filed, in the Shelby County Criminal Court, a petition for habeas corpus relief. As grounds for relief, Petitioner claimed that (1) the trial court violated his due process rights by confining him to the Tennessee Department of Correction prior to making a proper conviction, (2) the judgments entered against him are void because the trial court failed to indicate a finding of guilt upon the judgment, and (3) the sentence imposed against him is illegal as he was "never put in any range of the said offenses o[f] murder." In response to the petition, the State filed a motion to dismiss due to the Petitioner's failure to attach the judgment sheets to the petition. On October 29, 2003, the trial court summarily denied habeas corpus relief. The record indicates that the Petitioner is currently confined at the Northwest Correctional Center in Tiptonville, Tennessee.

Petitioner timely filed a notice of appeal document. The State filed a motion requesting that this Court affirm the lower court's denial of habeas corpus relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. In its motion, the State asserts that the trial court did not err in summarily dismissing the petition. We agree.

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). Thus, the habeas corpus court may choose to dismiss a petition for failing to comply with the statutory procedural requirements. *Hickman v. State*, No. E2002-01916-SC-R11-PC, 2004 WL 2563267, *2 (Tenn. Sept.2, 2004) (*for publication*). This, however, is not the court's only option. The habeas court may choose to permit the petitioner the opportunity to comply with the procedural requirements, or the habeas court may choose to adjudicate the petition on its merits. *Id.* at *3. Thus, the habeas court may determine how to dispose with a deficient initial petition. This Court, being appellate only, does not possess the same discretion. Rather, we are bound by the decision of the habeas court. The trial court, in the instant case, choose to dismiss the petition. Thus, the only question currently before this Court is whether the record supports the lower court's dismissal.

We conclude that the record supports the lower court's summary dismissal of the petition for habeas corpus relief. The Petitioner has failed to attach either the copies of the judgments of conviction or the indictments to his petition. *See* Tenn. Code Ann. § 29-21- 107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965).

---

[1] Four years after the entry of the Petitioner's guilty pleas, our supreme court held that the crime of attempted felony murder does not exist in Tennessee. *State v. Kimbrough*, 924 S.W.2d 888 (Tenn. 1996).

The record supports the trial court's summary denial of habeas corpus relief. Accordingly, it is ordered  that the State's motion is granted.  The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.


_____

JOHN EVERETT WILLIAMS, JUDGE