# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## WILLIE CLAYBROOK v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Gibson County**
**No. H-5443    Clayburn Peeples, Judge**

---

### No. W2003-02462-CCA-R3-HC  - Filed February 11, 2005

---

The Petitioner, Willie Claybrook, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The Petitioner has not responded to the State's motion.  It appears from the record before us that the notice of appeal was not timely filed and this Court cannot conclude that justice requires that this Court waive the timely filing requirement.  Accordingly, the State's motion is granted and the above-captioned appeal is dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

DAVID G. HAYES, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ALAN E. GLENN, JJ., joined.

Willie Claybrook, pro se.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General, for the appellee, State of  Tennessee.

### MEMORANDUM OPINION

In 1989, the Petitioner, Willie Claybrook, was convicted of second degree murder and received a life sentence as a Range II offender.[1]  His conviction and sentence were affirmed by this Court on direct appeal.  *See State v. Willie Claybrook*, No. 3, 1992 WL 17546, *1 (Tenn. Crim. App.,

---

[1]The Petitioner was originally convicted of first degree murder in this case.  The conviction was reversed and the case was remanded for a new trial.  *See State v. Claybrook*, 736 S.W.2d 95 (Tenn. 1987).

1

at Jackson, Feb. 5, 1992), *perm. to appeal denied,* (Tenn. May 4, 1992). Petitioner subsequently sought post-conviction relief. This effort was unsuccessful. *See Willie Claybrook v. State*, No. 02C01-9511-CC-00346, 1997 WL 41253, *1 (Tenn. Crim. App., at Jackson, Feb. 4, 1997), *perm. to appeal denied,* (Tenn. Jul. 14, 1997).

On June 2, 2003, the Petitioner filed an application for writ of habeas corpus relief in the Gibson County Circuit Court. As basis for relief, Petitioner claimed that he was improperly sentenced under the 1982 Sentencing Act rather than the 1989 Act. In response, the State filed a motion to dismiss the petition, arguing that the Petitioner failed to attach the judgment of conviction to his petition as required by section 29-21-107(b)(2), Tennessee Code Annotated. By order entered July 16, 2003, the trial court dismissed the petition. A notice of appeal document was filed in the trial court on October 3, 2003.

Contained within its motion for affirmance, the State correctly notes that the notice of appeal document was not timely filed by the Petitioner. As of this date, Petitioner has not filed a motion with this Court seeking to be excused from the requirement of a timely notice of appeal. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty day requirement a legal fiction and circumvents the rule. *See Michelle Pierre Hill v. State*, No. 01C01-9506-CC-00175, 1996 WL 63950, *1 (Tenn. Crim. App., at Nashville, Feb. 13, 1996), *perm. to appeal denied*, (Tenn. May 28, 1996).

Although Petitioner's filing was *pro se*, Rule 4, Tennessee Rules of Appellate Procedure, does not relieve *pro se* appellants from the thirty day notice requirement. Thus, Petitioner's *pro se* status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty day notice requirement. In determining whether waiver is appropriate this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

Our review of the record before us reveals the following:

1. Petitioner failed to attach his judgment form to his petition, a requirement under Tennessee Code Annotated § 29-21-107(b)(2). A trial court may dismiss a petition for failure to comply with the statute. *State ex rel. Wood v. Johnson,* 216 Tenn. 531, 393 S.W.2d 135, 136 (Tenn. 1965).

2. Petitioner filed his petition in Gibson County rather than in Lake County where he was confined. The defendant seeking habeas corpus relief should apply to the court most convenient in

2

distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. The Petitioner asserts that the convicting court possessed all of the records relevant to his sentence. Also, the issue relates to a void sentence, which the convicting court can correct at any time, not a void conviction in terms of the verdict of guilt. These circumstances have been held to provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court. *See, e.g.*, *State v. Donald Ree Jones*, No. M2000-00381-CCA-R3-CD, 2000WL1520012, *1 (Tenn. Crim. App., at Nashville, Oct. 13, 2000).

3. The Petitioner's sentence has not expired.

4. This Court found on direct appeal that the 1982 Sentencing Act was applicable to the Petitioner's sentence. *See State v. Willie Claybrook*, No. 3, 1992 WL 17546, *13-14.

5. The Petitioner avers in his brief that he did not receive the trial court's order until September 22, 2003. He asserts that his notice of appeal is timely filed. The attachments to Petitioner's brief indicate that notice of the trial court's July 16, 2003, order was sent to Petitioner first on July 21, 2003, and again on September 18, 2003. Petitioner fails to request that this Court waive the timely filing of his notice of appeal document.

We conclude that the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal. In absence of a timely filed notice of appeal, the above-captioned appeal is dismissed. Costs of this appeal are taxed to the State.

_____

DAVID G. HAYES, JUDGE

3