# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. ANDY BROWN

**Appeal from the Circuit Court for Marshall County**
**No. 14850    Franklin L. Russell, Judge**

_____

### No. M2005-00562-CCA-R3-CD - Filed August 15, 2005

_____

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by order pursuant to Rule 20, Rules of the Court of Criminal Appeals. The petitioner is appealing the lower court's denial of habeas corpus relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and ROBERT W. WEDEMEYER, JJ., joined.

Andy Brown, Sr., Pro Se, Whiteville, Tennessee

Paul G. Summers, Attorney General & Reporter; Benjamin A. Ball, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On November 23, 2004, the petitioner filed a petition for writ of habeas corpus relief in the Circuit Court of Marshall County. The petitioner is currently confined at the Hardeman County Correctional Facility in Whiteville, Tennessee. As grounds for relief, the petitioner alleged that the sentencing judge lacked the authority to increase the petitioner's total effective sentence by ordering his sentences to run consecutively. Apparently, the petitioner pled guilty to one (1) count of burglary of a building and received a three (3) year sentence that was to be served concurrently with a separate, unspecified sentence. The petitioner claims that after serving a portion of his sentence in confinement, he was placed on probation. According to the petition, an order revoking the petitioner's probation was issued on April 9, 2003, and the trial court ordered the petitioner to serve the remainder of the sentence consecutively with another sentence. No judgment forms were attached to the petition.

The trial court, on January 5, 2005, entered an order dismissing the petition. In its order, the trial court recognized that the petitioner failed to make his application of habeas corpus relief to the court or judge most convenient in point or distance to the petitioner and failed to present appropriate grounds for relief in his petition. The petitioner did not file a notice of appeal until February 28, 2005. The petitioner filed a motion to waive the timely filing of the notice of appeal, alleging that he had not been informed of the denial of his petition until February 17, 2005.

It is obvious from the record that the petitioner's notice of appeal document was late filed. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty (30) days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver. To hold otherwise, by summarily granting waiver whenever confronted with untimely notices, renders the thirty (30) day requirement a legal fiction and circumvents the rule. See Michelle Pierre Hill v. State, No. 01C01-9506-CC-00175, 1996 WL 63950, at *1 (Tenn. Crim. App. at Nashville, Feb. 13, 1996), perm. app. denied, (Tenn. May 28, 1996).

Although the petitioner's filing was pro se, Rule 4 of the Tennessee Rules of Appellate Procedure, "does not relieve pro se appellants from the thirty day notice requirement." Thus, the petitioner's pro se status remains but one (1) factor in deciding whether the interest of justice mandates waiver of the thirty (30) day notice requirement. In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case.

Our review of the record before us reveals that the petitioner failed to attach his judgment form to his petition, a requirement under Tennessee Code Annotated 29-21-107(b)(2). A trial court may dismiss a petition for failure to comply with the statute. State ex rel. Wood v. Johnson, 393 S.W.2d 135, 136 (Tenn. 1965). The petitioner filed his petition in Marshall County rather than in Hardeman County where he was confined. A defendant seeking habeas corpus relief should apply to the court most convenient in distance unless a sufficient reason exists to apply elsewhere. Tenn. Code Ann. § 29-21-105. These circumstances have been held to provide a sufficient reason for a defendant striving to correct an illegal sentence to file his habeas corpus petition in the convicting court. See, e.g., State v. Donald Ree Jones, No. M2000-00381-CCA-R3-CD, 2000 WL 1520012 (Tenn. Crim. App. at Nashville, Oct. 13, 2000). We conclude that the record evinces no basis for determining that justice requires us to excuse the timely filing of a notice of appeal. In absence of a timely-filed notice of appeal, the above-captioned appeal is dismissed.

_____
JERRY L. SMITH, JUDGE