# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### TIMOTHY A. BAXTER v. TONY PARKER, WARDEN

**Direct Appeal from the Circuit Court for Lake County**
**No. 04-CR-8567    R. Lee Moore, Judge**

———————

**No. W2004-01451-CCA-R3-HC  - Filed December 8, 2004**

———————

The Petitioner, Timothy A. Baxter, appeals the trial court's denial of his petition for habeas corpus relief.  The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals.  Because Petitioner has failed to allege a ground for relief which would render the judgment void, we grant the State's motion and affirm the judgment of the lower court.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and J.C. McLIN, JJ.  joined.

Timothy A. Baxter, pro se.

Paul G. Summers, Attorney General & Reporter; Michael Markham, Assistant Attorney General, for the appellee, the State of Tennessee.

### MEMORANDUM OPINION

It appears from the record that, on December 10, 2001, the Petitioner entered guilty pleas to one count possession of methamphetamine, one count of possession of marijuana, one count of manufacture of methamphetamine, one count of felony possession of a handgun, one count of possession of drug paraphernalia, and one count of theft over $10,000.  It further appears that the agreed upon sentence for these offenses was an effective sentence of twelve years as a range II

1

offender. No direct appeal was taken. The Petitioner is currently confined at Northwest Correctional Complex in Tiptonville, Tennessee.

On May 19, 2004, the Petitioner filed a petition for habeas corpus in the Lake County Circuit Court. As grounds for issuance of the writ, the Petitioner asserted that (1) he is "absolute innocent of the crimes he is explicitly so confined hereof," (2) his sentence violates the Tennessee Sentencing Reform Act of 1989, (3) the informant was never proven to be reliable, (4) his guilty plea was coerced and involuntarily entered, and (5) trial counsel was ineffective. On May 28, 2004, the trial court summarily dismissed the petition, finding that it failed to state a ground cognizable in a habeas corpus proceeding. The Petitioner timely filed a notice of appeal.

Habeas corpus relief is available in this state only when it appears on the face of the judgment or the record that the trial court was without jurisdiction to convict or sentence the defendant or that the sentence of imprisonment has otherwise expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992). Unlike the post-conviction petition, the purpose of the habeas corpus petition is to contest a void, not merely voidable, judgment. *State ex rel. Newsome v. Henderson,* 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. *Potts v. State,* 833 S.W.2d 60, 62 (Tenn. 1992); *State ex rel. Holbrook v. Bomar,* 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). Moreover, when the habeas corpus petition fails to demonstrate that the judgment is void, a trial court may properly dismiss the petition without a hearing. *See Hickman v. State*, – S.W.3d –, 2004 WL 2563267, at *1 (Tenn. Sept. 2, 2004) (*for publication*) (citing Tenn. Code Ann. § 29-21-109 (2000); *Dixon,* 70 S.W.3d at 36).

Petitioner alleges that he is innocent of the crimes for which he stands convicted and that the prosecution failed to prove the reliability of the informant. These claims are essentially challenges to the sufficiency of the evidence and are not claims cognizable in a habeas proceeding. *See Gant v. State,* 507 S.W.2d 133, 136 (Tenn. Crim. App. 1973) (holding habeas corpus relief is not available to challenge the sufficiency of the evidence). Petitioner also contends that his guilty plea was involuntary entered and that trial counsel was ineffective. Similarly, as these claims, if proven, would render the challenged judgments voidable rather than void, they also do not present cognizable claims for habeas corpus relief. *See Passarella,* 891 S.W.2d at 627; *Luttrell v. State,* 644 S.W.2d 408, 409 (Tenn. Crim . App. 1982). Finally, Petitioner asserts that his sentence violates the 1989 Sentencing Act in that the State had agreed to waive costs and fines yet "numerous costs and fines are being deducted from this Petitioner's Trust Fund. . . ." Again, this claim, even if true, fails to establish that his sentence has expired or that the trial court was without jurisdiction to enter the judgments. Moreover, the negotiated plea agreement contained in the record before this Court fails to mention the State's concession to waive fines and costs in this matter. Thus, the Petitioner has failed to establish any grounds that would entitle him to habeas corpus relief. Rather, these allegations, even if true, would merely render the judgments voidable, not void. As the petition was filed over two years after the judgments became final, the petition cannot be treated as a petition for post-conviction relief. *See* Tenn. Code Ann. § 40-30-102(a).

2

Finally, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer v. State,* 851 S.W.2d 157, 165 (Tenn. 1993). Although not acknowledged by the trial court, the Petitioner has failed to attach copies of the judgments of conviction to his petition. *See* Tenn. Code Ann. § 29-21- 107(b)(2). An application for the issuance of habeas corpus may be summarily dismissed for failure to attach the judgment forms. *Id.; see also State ex rel. Wood v. Johnson,* 393 S.W.2d 135, 136 (Tenn. 1965).

The Petitioner has not established that he is entitled to habeas corpus relief. He has alleged neither a facially invalid judgment nor an expired sentence. Accordingly, it is ORDERED that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE