# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. DANIEL LEWIS SHIELDS

**Appeal from the Circuit Court for Rutherford County**
**No. 50553   Don R. Ash, Judge**

—————

**No. M2004-03056-CCA-R3-HC - Filed April 18, 2005**

—————

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20, Rules of the Court of Criminal Appeals.  The petitioner has appealed the trial court's order summarily dismissing the petition for the writ of habeas corpus. In that petition, the petitioner challenges the constitutionality of the Criminal Sentencing Reform Act of 1989 in light of <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004).  Upon a review of the record in this case, despite the untimely notice of appeal filed by the petitioner, we are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition and that this case meets the criteria for affirmance pursuant to Rule 20, Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Trial Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES and ROBERT W. WEDEMEYER, JJ., joined.

Daniel Lewis Shields, Pro Se, Nashville, Tennessee.

Paul G. Summers, Attorney General & Reporter; Jennifer L. Bledsoe, Assistant Attorney General; and Bill Whitesell, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

Factual Background

On June 20, 2001, the petitioner pled guilty to rape and received a sentence of ten (10) years at 100%.  On August 31, 2004, the petitioner filed a writ of habeas corpus primarily challenging the constitutionality of the Criminal Sentencing Reform Act of 1989 in light of <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004).  On September 13, 2004, the trial court entered an order denying the petition.  The petitioner filed a notice of appeal on December 9, 2004.

Analysis

Initially, we note that no motion to excuse the late-filed notice of appeal document was filed with this Court. Pursuant to Rule 4, Tennessee Rules of Appellate Procedure, a notice of appeal shall be filed within thirty (30) days after entry of the judgment from which an appeal is sought. In criminal proceedings, however, the notice is not jurisdictional. Accordingly, this Court may review untimely appeals and determine whether the notice requirement should be waived. Tenn. R. App. P. 4. Waiver is not automatic and should only occur when "the interest of justice" mandates waiver.

Although the petitioner's filing was pro se, Rule 4 of the Tennessee Rules of Appellate Procedure, does not relieve pro se litigants from the thirty-day notice requirement. Thus, the petitioner's pro se status remains but one factor in deciding whether the interest of justice mandates waiver of the thirty-day notice requirement. In determining whether waiver is appropriate, this Court shall consider the nature of the issues for review, the reasons for the delay in seeking relief, and other relevant factors presented in each case. The petitioner fails to offer this Court any explanation for the delay in filing the notice of appeal document. Nevertheless, we will waive the timely filing of the notice of appeal in the interest of justice and address the issues on the merits.

The determination of whether to grant habeas corpus relief is a question of law. See McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). As such, we will review the trial court's findings de novo without a presumption of correctness. Id. Moreover, it is the petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, § 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. See Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. See Taylor, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." Stephenson v. Carlton, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting Taylor, 955 S.W.2d at 83).

However, if after a review of the habeas petitioner's filings the trial court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. Tenn. Code Ann. § 29-21-109; State ex rel. Byrd v. Bomar, 381 S.W.2d 280 (Tenn. 1964). Further, a trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. Passarella v. State, 891 S.W.2d 619 (Tenn. Crim. App.

1994), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>State v. Steven S. Newman</u>, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

In the case herein, the petitioner argues that, pursuant to the United States Supreme Court decision in <u>Blakely</u>, Tennessee's 1989 Sentencing Act is unconstitutional, and his sentence is illegal because, as a result of the application of enhancement factors by the trial court, it exceeds the statutory minimum. The Tennessee Supreme Court recently determined that <u>Blakely</u> did not announce a new rule of law and that the "Tennessee Criminal Sentencing Reform Act does not authorize a sentencing procedure which violates the Sixth Amendment right to jury trial." <u>State v. Edwin Gomez</u>, No. M2002-01209-SC-R11-CD, 2005 WL 856848, at *17 n.16 (Tenn. Apr. 15, 2005). Therefore, the habeas corpus court did not err in summarily denying the petition.

The petitioner further contends that, because the enhancement factors used to increase his sentence were not included in the indictment, his indictment fails to allege the necessary facts to constitute the offense with which he was charged. Generally, defenses and objections based on defective indictments must be raised prior to trial or they are waived. <u>State v. Wyatt</u>, 24 S.W.3d 319, 322 (Tenn. 2000). However, "[a] valid indictment is an essential jurisdictional element, without which there can be no prosecution." <u>Id.</u> Thus, an indictment that is so defective as to fail to vest jurisdiction in the trial court may be challenged at any stage of the proceedings, including in a habeas corpus proceeding. <u>Id.</u> at 323. Accordingly, if the indictment herein charging the petitioner were fatally defective, this issue could be raised in a habeas corpus petition. The petitioner has failed to include his indictments with his petition. Therefore, he is not entitled to relief on this issue. Tenn. Code Ann. § 29-21-107(b)(2); <u>see</u> <u>also</u> <u>State ex rel. Wood v. Johnson</u>, 393 S.W.2d 135, 136 (Tenn. 1965). The trial court correctly denied the petition for habeas corpus relief.

Rule 20, Rules of the Court of Criminal Appeals provides <u>inter</u> <u>alia</u>:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> > The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above-quoted rule and, therefore, we grant the State's motion filed under Rule 20 and we affirm the judgment of the trial court.

_____
JERRY L. SMITH, JUDGE