# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

## TROY WESTON v. TONY PARKER, WARDEN (STATE OF TENNESSEE)

**Direct Appeal from the Circuit Court for Lauderdale County**
**No. 6185 Joe H. Walker, Judge**

---

**No. W2007-02815-CCA-R3-HC  - Filed April 25, 2008**

---

The Petitioner, Troy Lee Weston, appeals the lower court's denial of his petition for habeas corpus relief. The State has filed a motion requesting that this Court affirm the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals. The Petitioner has failed to comply with the procedural prerequisites for seeking habeas corpus relief. Accordingly, we affirm the trial court's dismissal.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ALAN E. GLENN, J., delivered the opinion of the court, in which DAVID G. HAYES and J.C. MCLIN, JJ., joined.

Troy Lee Weston, pro se.

Robert E. Cooper, Jr., Attorney General & Reporter; Michael Moore, Solicitor General; Elizabeth B. Marney, Assistant Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

The Petitioner, Troy Weston, alleges that he entered guilty pleas in the Humphreys County Circuit Court to one count of possession of anhydrous ammonia, one count of aggravated assault, and one count of escape. He alleges that the judgments were entered on September 25, 2002. According to the Petitioner, he received an effective eight year sentence for these convictions and

1

this sentence was ordered to run consecutive to an undefined sentence received in Lewis County. The Petitioner is currently confined at the West Tennessee State Penitentiary.

On November 2, 2007, the Petitioner filed a petition for the issuance of the writ of habeas corpus. As grounds for relief, the Petitioner asserted that "he was a range I standard offender, but sentenced to two separate 3 year sentences, for two separate class E felonies." Accordingly, he argued that his sentence "is outside the sentencing guidelines." Additionally, he asserted that, due to the illegality of the sentences imposed, his guilty pleas were not knowingly and voluntarily entered. By order entered November 7, 2007, the lower court denied habeas corpus relief, making the following findings of fact and conclusions of law:

> Petitioner did not attach any of the judgment sheets to his petition. Petitioner did not attach a copy of the judgment causing the restraint or a copy of the record of the proceedings, per T.C.A. 29-21-107, and the petition is subject to summary dismissal. *State ex rel. Wood v. Johnson*, 393 S.W.2d 135.

> Petitioner alleges that he entered a plea of guilty. Petitioner alleges his sentence was not within the proper range. A plea-bargained sentence is legal so long as it does not exceed the maximum punishment authorized for the plea offense. *Hoover v. State*, 215 S.W.3d 776 (2007).

> . . .

> The Court finds that the criminal court had jurisdiction to sentence the defendant to the sentence that he received and that the sentence has not expired according to the allegations in the petition. . . .

The Petitioner timely filed a notice of appeal document.[1]

The Tennessee Constitution guarantees a convicted criminal defendant the right to seek habeas corpus relief. *See* Tenn. Const. art. I, § 15. However, the grounds upon which habeas corpus relief will be granted are very narrow. *Taylor v. State,* 995 S.W.2d 78, 83 (Tenn. 1999). A petition for habeas corpus relief may only be granted when the judgment is shown to be void, rather than merely voidable. *Id.* A judgment is void only when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that the convicting court was without jurisdiction or authority to sentence a defendant or that a defendant's sentence has expired. *Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993). On the other hand, a voidable judgment or sentence is

---

[1]Although the notice of appeal document is stamp-filed December 10, 2007, the certificate of service attached to the notice of appeal document reflects that the Petitioner on December 7, 2007. The State does not contest the timeliness of the notice of appeal document.

2

one which is facially valid and which requires evidence beyond the face of the judgment or the record of the proceedings to establish its invalidity. *Taylor,* 995 S.W.2d at 83.

A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State,* 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, it is permissible for a court to summarily dismiss a habeas corpus petition, without the appointment of counsel and without an evidentiary hearing, if there is nothing on the face of the record or judgment to indicate that the convictions or sentences addressed therein are void. *Passarella v. State,* 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994).

The State has filed a motion requesting that this Court affirm the lower court's decision. Specifically, the State asserts that the Petitioner has failed to carry his burden of showing that his convictions were void or that his sentences have expired.

The Petitioner failed to attach the judgments of conviction which he challenges in his petition. The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State,* 212 S.W.3d 251, 260 (Tenn. 2007). The formal requirements for an application for habeas corpus relief are codified at 29-21-107, Tennessee Code Annotated, and a trial court may properly choose to dismiss a petition for failing to comply with the statutory procedural requirements." In the present case, the Petitioner failed to adhere to the mandatory requirements for habeas corpus petitions. Specifically, the Petitioner failed to include a copies of the judgments of conviction under which he claims he is illegally detained. *See* T.C.A. § 29-21-107(b)(2). This reason alone provides adequate justification for summary dismissal of the petition. *See Faulkner v. State,* 226 S.W.3d 358, 365 (Tenn. 2007).

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. R. Ct. Crim. App. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____

**ALAN E. GLENN, JUDGE**