IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs February 5, 2008

## STATE OF TENNESSEE v. MARCELLUS JEFFRIES

**Appeal from the Circuit Court for Lauderdale County**
**No. 6169     Joseph H. Walker, III, Judge**

No. W2007-02027-CCA-R3-HC  - Filed May 13, 2008

Petitioner, Marcellus Jeffries, appeals the trial court's order dismissing his petition for writ of habeas corpus. We are persuaded that the trial court was correct in summarily dismissing the habeas corpus petition because Petitioner did not demonstrate that his convictions were void. The judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and DAVID H. WELLES, J., joined.

Marcellus Jeffries, Pro Se, Henning, Tennessee.

Robert E. Cooper, Jr., Attorney General and Reporter; Preston Shipp, Assistant Attorney General; Elizabeth Rice, District Attorney General, for the appellee, State of Tennessee.

## OPINION

Petitioner filed a pro se petition for habeas corpus relief on August 13, 2007. Petitioner argued that a plea agreement he entered into called for illegal concurrent sentencing where the law clearly provided for mandatory consecutive sentencing. As a result, Petitioner alleged that his convictions were void. Petitioner claimed that while he was released on bail for unspecified charges, he was charged with additional unspecified felonies. Petitioner also claimed that he was charged with more felonies while he was in jail awaiting resolution of the prior felony charges. Apparently, all of these charges were resolved via guilty pleas, for which he received an effective sentence of twelve years. According to Petitioner, all of the sentences were ordered to be served concurrently. Petitioner was then subsequently convicted of aggravated burglary and reckless homicide and, based on his prior felony sentences received as a result of the guilty pleas, Petitioner argues he was

sentenced in a higher range to consecutive eight-year sentences for these two convictions. In other words, Petitioner argues that his convictions for aggravated burglary and reckless homicide are void because of the improper imposition of concurrent sentencing in his prior cases.

Petitioner attached judgments from his reckless homicide and aggravated burglary convictions to his petition for habeas corpus relief. Those judgments reflect that on March 19, 2002, Petitioner was sentenced as a Persistent Offender to eight years for each offense. The sentences were ordered to be served consecutively to each other.

The trial court dismissed the petition on August 21, 2007. In the order dismissing the petition, the trial court noted that Petitioner failed to attach judgment forms from the guilty pleas in which Petitioner claimed that he was erroneously ordered to serve concurrent sentences. The trial court dismissed the petition because the judgments were not attached to the petition and the sentences in the aggravated burglary and reckless homicide cases had not yet expired. Further, the trial court noted that nothing on the judgments for reckless homicide or aggravated burglary indicated that the trial court was without jurisdiction to sentence Petitioner. Petitioner appeals the dismissal of the petition for habeas corpus relief.

*Analysis*

*Habeas Corpus Relief*

The determination of whether to grant habeas corpus relief is a question of law. *See Hickman v. State*, 153 S.W.3d 16, 19 (Tenn. 2004). As such, we will review the habeas corpus court's findings de novo without a presumption of correctness. *Id.* Moreover, it is a petitioner's burden to demonstrate, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000).

Article I, section 15 of the Tennessee Constitution guarantees an accused the right to seek habeas corpus relief. *See Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may be sought only when the judgment is void, not merely voidable. *See Taylor*, 995 S.W.2d at 83. "A void judgment 'is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment or because the defendant's sentence has expired.' We have recognized that a sentence imposed in direct contravention of a statute, for example, is void and illegal." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (quoting *Taylor*, 955 S.W.2d at 83).

If, after a review of the habeas petitioner's filings, the habeas corpus court determines that the petitioner would not be entitled to relief, then the petition may be summarily dismissed. T.C.A. § 29-21-109; *State ex rel. Byrd v. Bomar*, 381 S.W.2d 280 (Tenn. 1964). Further, a habeas corpus

court may summarily dismiss a petition for writ of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994), *superseded by statute as stated in State v. Steven S. Newman*, No. 02C01-9707-CC-00266, 1998 WL 104492, at *1 n.2 (Tenn. Crim. App., at Jackson, Mar. 11, 1998).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers v. State*, 212 S.W.3d 251, 260 (Tenn. 2007); *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. For the benefit of individuals such as Petitioner, our legislature has explicitly laid out the formal requirements for a petition for a writ of habeas corpus at Tennessee Code Annotated section 29-21-107:

> (a) Application for the writ shall be made by petition, signed either by the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and, if unknown, describing the person with as much particularity as practicable;
>
> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>
> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>
> (4) That it is the first application for the writ, or, is a previous application has been made, a copy of the petition and proceedings thereon shall be produced, or satisfactory reasons be given for the failure so to do.

A habeas corpus court "properly may choose to summarily dismiss a petition for failing to comply with the statutory procedural requirements." *Summers*, 212 S.W.3d at 260; *See also Hickman*, 153 S.W.3d at 21. Further, in *Summers*, our supreme court explained:

> In the case of an illegal sentence claim based on facts not apparent from the face of the judgment, an adequate record for summary review must include pertinent documents to support those factual assertions. When such documents from the

record of the underlying proceedings are not attached to the habeas corpus petition, a trial court may properly choose to dismiss the petition without the appointment of counsel and without a hearing.

212 S.W.3d at 261.

In this case, Petitioner claims that the judgments entered against him are void because they encompass an illegal sentence. First, it is clear that Petitioner's sentences for aggravated burglary and reckless homicide have not expired. Secondly, Petitioner did not meet the statutory requirements. He did not attach the underlying, allegedly illegal judgments to his petition for writ of habeas corpus or offer an explanation as to why he did not attach the judgments. *See* T.C.A. § 29-21-107(b)(2); *State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965). Petitioner also failed to attach documents showing that he was subject to mandatory consecutive sentencing upon entry of his guilty pleas. As stated above, failure to meet the statutory requirements is sufficient basis for a summary dismissal of a petition for habeas corpus relief. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21. The trial court properly dismissed the petition for habeas corpus relief.

*Conclusion*

For the foregoing reasons, we affirm the decision of the habeas corpus court.

_____
JERRY L. SMITH, JUDGE

-4-