IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs March 18, 2025 at Knoxville

**JOHNNY TATE v. GRADY PERRY, WARDEN**

**Appeal from the Circuit Court for Wayne County**
**No. 17431     M. Caleb Bayless, Judge**

_____

**No. M2024-01049-CCA-R3-HC**

_____

Petitioner, Johnny Tate, appeals the summary dismissal of his petition for writ of habeas corpus. Following our review of the entire record and the briefs of the parties, we affirm the judgment of the habeas corpus court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JILL BARTEE AYERS, J., delivered the opinion of the court, in which ROBERT L. HOLLOWAY, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Johnny Tate, Clifton, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Garrett D. Ward, Senior Assistant Attorney General; Brent Cooper, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

Petitioner was convicted by a Shelby County Jury of two counts of especially aggravated kidnapping, two counts of aggravated robbery, and one count of aggravated burglary. He received an effective sentence of two consecutive life sentences without parole. *State v. Tate*, No. W2008-02503-CCA-R3-CD, 2010 WL 1839302, at *1 (Tenn. Crim. App. May 7, 2010). On appeal, this court held that the evidence was sufficient to establish Petitioner's identity as the perpetrator of the crimes and affirmed his convictions. *Id.* at *3-5.

Subsequently, Petitioner filed a petition for post-conviction relief arguing that both trial and appellate counsel provided ineffective assistance of counsel by failing to challenge

his especially aggravated kidnapping convictions on due process and double jeopardy grounds. Following a hearing, the post-conviction court entered an order denying the post-conviction petition. This court affirmed the denial on appeal. *Tate v. State*, No. W2012-01471-CCA-R3-PC, 2013 WL 6001926, at *1 (Tenn. Crim. App. Nov. 8, 2013).

On January 4, 2024, Petitioner filed a pro se "Petition for Writ of Habeas Corpus," alleging that his confrontation rights were violated at trial and during the post-conviction evidentiary hearing, his due process rights were violated in various ways at trial, the State violated a discovery rule at trial, his convictions violate double jeopardy protections, he was deprived of his right to a fair trial, the trial court failed to properly instruct the jury on lesser-included offenses of aggravated assault and theft, and the evidence was insufficient to support his convictions. The State filed a motion to dismiss the petition arguing that Petitioner failed to attach his judgments of conviction and failed to state a colorable claim for relief. Petitioner filed a "Motion to Amend Petition for Writ of Habeas Corpus," alleging that the trial court improperly refused to grant his original habeas corpus petition, that he suffered a deprivation of his constitutional rights when his appeal was decided prior to the issuance of the opinion *State v. White*, 362 S.W.3d 559 (Tenn. 2012) and *State v. Cecil*, 409 S.W.3d 599 (Tenn. 2013), and that "principles of stare decisis support applying plain error analysis" to his habeas corpus petition. Petitioner further argued that misconduct by appellate counsel and bias by the post-conviction court constituted structural constitutional error and ineffective assistance of trial counsel.

The trial court summarily dismissed Petitioner's habeas corpus petition by written order filed July 3, 2024, concluding: "[Petitioner] has failed to meet the statutory requirements for petitions for writ of habeas corpus as set forth under [Tennessee Code Annotated section] 29-21-107 and has failed to present a colorable claim for habeas relief." It does not appear from the record that the trial court granted Petitioner's request to amend his petition. It is from this order that Petitioner now appeals.

**Analysis**

Petitioner contends that the trial court erred by dismissing his petition for writ of habeas corpus asserting that he complied with the procedural requirements for the petition and that he raised colorable claims. The State responds that because none of the claims raised by Petitioner in his habeas corpus petition are colorable and because he failed to comply with the procedural requirements, the trial court properly dismissed the petition.

Article I, Section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. However, the grounds upon which habeas relief may be granted are narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). Relief is available only when "it appears upon the face of the judgment or the record of the proceedings upon which the

judgment is rendered" that a convicting court lacked jurisdiction or authority to sentence a petitioner or that a petitioner's sentence of imprisonment or other restraint has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). A habeas petition must challenge void and not merely voidable judgments. *Summers v. State*, 212 S.W.3d 251, 255-56 (Tenn. 2007). A void judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment," while a voidable judgment is "one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity." *Id.* at 256.

The burden is on the petitioner "to show by a preponderance of the evidence that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may dismiss a habeas corpus petition without a hearing if the petition fails to establish that the challenged judgment is void. T.C.A. § 29-21-109; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The procedures governing habeas corpus petitions are codified in Tennessee Code Annotated sections 29-21-101 through 29-21-130. "These procedural requirements 'are mandatory and must be followed scrupulously.'" *Summers*, 212 S.W.3d at 259 (quoting *Archer*, 851 S.W.2d at 165). A trial court may summarily dismiss a habeas petition for failing to comply with these statutory requirements. *Id.* at 260. Tennessee Code Annotated section 29-21-107(b)(2) requires that a copy of the judgments at issue be included in the petition. *See McCann v. State*, No. M2018-00192-CCA-R3-HC, 2018 WL 5733295, at *2 (Tenn. Crim. App. Oct. 31, 2018) (citing *Archer*, 851 S.W.2d at 165). Failure to attach the underlying judgments to a petition or to offer an explanation for the absence of the judgments is as stated above a "sufficient basis for a summary dismissal of a petition for habeas corpus relief." *State v. Jeffries*, No. W2007-02027-CCA-R3-HC, 2008 WL 2053721, at *3 (Tenn. Crim. App. May 13, 2008); *see also State ex rel. Wood v. Johnson*, 393 S.W.2d 135, 136 (Tenn. 1965); *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 21.

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). "Therefore, our review is de novo with no presumption of correctness given to the findings and conclusions of the lower court." *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

Initially, the record does not contain an order from the trial court concerning Petitioner's motion to amend his habeas corpus petition. This court has stated that whether a petitioner should be permitted to amend a habeas corpus petition is a matter left to the sound discretion of the trial court. *Wilkerson v. Carlton*, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *4 (Tenn. Crim. App. Nov. 20, 2008). In *Wilkerson*, this court

further indicated that a trial court's summary dismissal of a habeas corpus petition results in an implicit denial of a petitioner's motion to amend. *Id.* at \*2, \*4. Therefore, the issues contained in Petitioner's motion to amend his habeas corpus petition are not properly before this court.

The trial court in this case correctly dismissed Petitioner's habeas corpus petition because Petitioner failed to comply with the mandatory statutory requirements and because he failed to raise colorable claims. On appeal, while Petitioner lists many of the issues raised in his habeas corpus petition in his statement of the issues, he does not address all of them in his analysis. Tennessee Court of Criminal Appeals Rule 10(b), provides that "[i]ssues which are not supported by argument, citation to authorities, or appropriate references to the record will be treated as waived in this court." Therefore, we will only consider the issues addressed by Petitioner in his analysis.

Petitioner asserts that he attached judgments for two of his five convictions to his petition and that the three unattached judgments are "not essential" to his claims. However, as pointed out by the State, the petition appears to challenge all of Petitioner's convictions. In any event, the record does not contain any of the judgments. Therefore, Petitioner failed to comply with the mandatory procedural requirements, and his petition for writ of habeas corpus may be dismissed for this reason alone. *Jeffries*, 2008 WL 2053721, at \*3.

Additionally, the claims set out in his petition and raised by Petitioner on appeal are not colorable claims. Petitioner argues the trial court abused its discretion by denying his motion to have the gun tested resulting in a violation of his right to due process. "[A] claim of violation of due process rights or equal protection rights is not a cognizable claim for habeas corpus relief." *McClenton v. State*, No. W2021-01054-CCA-R3-HC, 2022 WL 3153982, at \*4 (Tenn. Crim. App. Aug. 8, 2022), *no perm. app. filed*.

Petitioner further asserts that the trial court "lacked subject matter jurisdiction" to convict him of especially aggravated kidnapping, aggravated robbery, and aggravated burglary by allowing a photograph of the gun rather than the actual weapon to be introduced at trial. However, this claim would not deprive the trial court of subject matter jurisdiction. "Lack of jurisdiction refers to subject matter jurisdiction[,]" or "a court's authority to adjudicate a dispute brought before it." *Wheeler v. Vantell*, No. M2024-00615-CCA-R3-HC, 2024 WL 5103665, at \*2 (Tenn. Crim. App. Dec. 13, 2024) (citations omitted), *no perm. app. filed*. Additionally, Petitioner's allegations, even if true, would at most render his judgments voidable, not void because Petitioner's judgments are facially valid. *See Summers*, 212 S.W.3d at 251.

On appeal, Petitioner also asserts various claims of ineffective assistance of appellate counsel. However, these claims were raised in Petitioner's motion to amend his

habeas corpus petition, which was implicitly denied by the trial court. Thus, because it is raised for the first time on appeal, it is waived. *See State v. Johnson*, 970 S.W.2d 500, 508 (Tenn. Crim. App. 1996) ("Issues raised for the first time on appeal are considered waived."). Moreover, claims of ineffective assistance of counsel are not cognizable in habeas corpus proceedings. *Dominquez v. State*, No. M2016-00302-CCA-R3-HC, 2017 WL 652218, at *3 (Tenn. Crim. App. Feb. 17, 2017). Accordingly, the trial court did not err in summarily dismissing Petitioner's habeas corpus petition.

## CONCLUSION

For the foregoing reasons, the judgment of the habeas corpus court is affirmed.

s/ *Jill Bartee Ayers*

JILL BARTEE AYERS, JUDGE